UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| YURI JOB,<br><br>                      Plaintiff,<br><br>      v.<br><br>CITY UNIVERSITY OF NEW YORK,<br>RESEARCH FOUNDATION OF THE CITY<br>UNIVERSITY OF NEW YORK, and JOHN<br>AND/OR JANE DOE 1-10,<br><br>                      Defendants. | Case No.: 26-cv-00569 (AS) |

**DEFENDANT RESEARCH FOUNDATION OF
THE CITY UNIVERSITY OF NEW YORK'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS COMPLAINT</u>**

**NIXON PEABODY LLP**
Christopher J. Moro
Peter F. Wilms
275 Broadhollow Road, Suite 300
Melville, NY 11747
Telephone: (516) 832-7500
cmoro@nixonpeabody.com
pwilms@nixonpeabody.com
*Attorneys for Defendant*
*Research Foundation of the*
*City University of New York*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ........................................................................................................2

PROCEDURAL HISTORY .......................................................................................................3

STANDARD OF REVIEW .......................................................................................................3

ARGUMENT .............................................................................................................................4

POINT I.   PLAINTIFF'S FLSA CLAIM IS TIME BARRED ....................................4

A.   Plaintiff FLSA Claim is Barred by the Applicable Statute of
Limitations ...............................................................................................4

B.   Plaintiff's FLSA Overtime Pleadings are Insufficient to State a
Claim ........................................................................................................6

POINT II.   PLAINTIFF'S TITLE VII CLAIMS ARE TIME-BARRED ......................7

POINT III.   PLAINTIFF'S DISCRIMINATORY TERMINATION CLAIMS
ARE CONCLUSORY AND INSUFFICIENT AS PLED ...........................9

POINT IV.   PLAINTIFF'S RETALIATION AND HOSTILE WORK
ENVIRONMENT CLAIMS ARE INSUFFICIENT AS PLED ................11

A.   Plaintiff's Retaliation Claims Fail to Allege a Causal Connection ...........12

B.   Plaintiff's Hostile Work Environment Claim Fails to Allege
Differential Treatment Because of Plaintiff's Protected
Characteristic ..........................................................................................15

POINT V.   PLAINTIFF'S NEGLIGENT HIRING, RETENTION, AND
SUPERVISION CLAIM RELIES WHOLLY ON
CONCLUSORY STATEMENTS ..............................................................17

POINT VI.   PLAINTIFF'S CONSTITUTIONAL CLAIM FAILS BECAUSE
RFCUNY IS A PRIVATE ENTITY ..........................................................19

POINT VII.   PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS IS TIME BARRED ........................................20

POINT VIII.   PLAINTIFF'S UNDEFINED "WRONGFUL TERMINATION
UNDER INCORRECT JOB TITLE" CLAIM FAILS AS A
MATTER OF LAW ...................................................................................20

CONCLUSION........................................................................................................................21

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addonizio v. Nuvance Health*,
2024 U.S. Dist. LEXIS 103874 (S.D.N.Y. June 11, 2012) ........................................................7

*Allen v. New York City Dept. of Envtl. Prot.*,
51 F. Supp. 3d 504 (S.D.N.Y. 2014).........................................................................................8

*Anderson v. City of New York*,
712 F.Supp.3d 412 (S.D.N.Y. 2024).........................................................................................9

*Ank Bey El v. CitiMortgage, Inc.*,
2025 U.S. Dist. LEXIS 256822 (E.D.N.Y. Dec. 11, 2025) ........................................................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................... 3, 4, 5, 17

*Ashjari v. NYNEX Corp.*,
1999 U.S. App. LEXIS 13968 (2d Cir. June 22, 1999) .............................................................20

*Atkinson v. B.C.C. Associates, Inc.*,
829 F.Supp.637 (S.D.N.Y. 1993) .............................................................................................19

*Ayala v. Looks Great Servs., Inc.*,
2015 U.S. Dist. LEXIS 96790 (E.D.N.Y. 2015) .........................................................................7

*Barrows v. Becerra*,
24 F.4th 116 (2d Cir. 2022) .....................................................................................................19

*Baskin v. Mabco Tr., Inc.*,
176 A.D.3d 1539 (3d Dep't 2019) ...........................................................................................19

*Bautista v. PR Gramercy Square Condominium*,
642 F.Supp.3d 411 (S.D.N.Y. 2022)....................................................................................15, 16

*Belton v. Borg & Ide Imaging, P.C.*,
512 F. Supp. 3d 433 (W.D.N.Y. 2021) .....................................................................................10

*Colon v. Coughlin*,
58 F.3d 865 (2d Cir. 1995).......................................................................................................18

*Doe v. Alsaud*,
12 F.Supp.3d 674 (S.D.N.Y. 2014) ..........................................................................................18

*Dooley v. JetBlue Airways Corp.*,
636 Fed. App'x 16 (2d Cir. 2015)............................................................................................10

*Duplan v. City of New York*,
888 F.3d 612 (2d Cir. 2018) ...............................................................................12, 13

*Edelman v. NYU Langone Health System*,
141 F.4th 28 (2d Cir. 2025) ........................................................................................13

*Farmer v. Shake Shack Enterprises, LLC*,
473 F.Supp.3d 309 (S.D.N.Y. 2020).........................................................................14

*Flores v. Entergy Nuclear Operations, Inc.*,
313 F.Supp.3d 511 (S.D.N.Y. 2018)..........................................................................13

*Franklin v. New York City Transit Authority*,
2021 U.S. Dist. LEXIS 195435 (S.D.N.Y. Oct. 8, 2021) ...........................................8

*Gaughan v. Rubenstein*,
261 F.Supp.3d 390 (S.D.N.Y. 2017).........................................................................20

*Gonzalez v. City of New York*,
377 F. Supp. 3d 273 (S.D.N.Y. 2019).......................................................................10

*Gonzalez v. Sutton Park Ctr. For Nursing & Rehab*,
2025 U.S. Dist. LEXIS 59547 (Mar. 26, 2025).....................................................8, 10

*Green v. Brennan*,
578 U.S. 547 (2016) ...................................................................................................16

*Henry v. N.Y.C. Health & Hosp. Corp.*,
18 F. Supp. 3d 396 (S.D.N.Y. 2014).........................................................................14

*Hernandez v. DiaSorin Inc.*,
2025 U.S. Dist. LEXIS 264253 (S.D.N.Y. Dec. 22, 2025) .......................................13

*Herrera v. Comme Des Garcons, Ltd.*,
84 F.4th 110 (2d Cir. 2023) .........................................................................................6

*Jones-Cruz v Rivera*,
2021 U.S. Dist. LEXIS 48011 (S.D.N.Y. Mar. 14, 2021) .........................................10

*Klinge v. Ithaca College*,
167 Misc. 2d 458 (Sup. Ct. Thompkins Cty. 1995) ..................................................19

*Ladino v. The Ridgewood Ale House, Inc.*,
598 F. Supp. 3d 53 (E.D.N.Y. 2022)...........................................................................6

*Lundy v. Catholic Health Sys. Of Long Island, Inc.*,
711 F.3d 106 (2d Cir. 2013) ........................................................................................6

*Martinez v. Cole*,
2025 U.S. Dist. LEXIS 194744 (W.D.N.Y. Oct. 1, 2025).........................................21

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) .................................................................................................9, 10

*Moss v. Bd. of Educ. of Sachem Cent. Sch. Dist.*,
  2024 U.S. Dist. LEXIS 119366 (E.D.N.Y. July 8, 2024), aff'd 2025 U.S. App.
  LEXIS 7203 (2d Cir. 2025) ...............................................................................10

*Musiello v. CBA Corp.*,
  518 F. Supp. 3d 782 (S.D.N.Y. 2021)..................................................................7

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
  723 F.3d 192 (2d Cir. 2013) ...............................................................................6

*Ninying v. N.Y.C. Fire Dep't*,
  807 Fed. App'x 112 (2d Cir. 2020) ...................................................................10

*Nixon v. TWC Admin. LLC*,
  2017 U.S. Dist. LEXIS 160175 ..........................................................................20

*Parada v. Banco Indus. De Venez*,
  553 F.3d 62 (2d Cir. 2014).................................................................................5

*Philip v. GTECH Corp.*,
  2016 U.S. Dist. LEXIS 94777 (S.D.N.Y. July 20, 2016) .................................12

*Rentas v. Ruffin*,
  816 F.3d 214 (2d Cir. 2016) ...............................................................................20

*Ross v. Mitsui Fudosan, Inc.*,
  2 F.Supp.2d 522 (S.D.N.Y. 1998) ......................................................................18

Rubin *v. New York City Bd. of Educ.*,
  U.S. Dist. LEXIS 2832 (S.D.N.Y. Jan. 6, 2023) ..............................................5

*Saaidi v. CFAS, LLC*,
  740 F.Supp.2d 357 (S.D.N.Y. 2010)...................................................................16

*Sanusi v. Department of Homeland Sec.*,
  2010 U.S. Dist. LEXIS 146004 (E.D.N.Y. Dec. 1, 2010) ................................18

*Sherlock v. Montefiore Med. Ctr.*,
  84 F.3d 522 (2d Cir. 1996)..................................................................................7

*Shultz v. Congregation Shearith Israel of City of N.Y.*,
  867 F.3d 298 (2d Cir. 2017) ...............................................................................12

*Small v. New York City Dep't of Educ.*,
  650 F. Supp. 3d 89 (S.D.N.Y. 2023)...................................................................12

iv

*Smith v. Cty. of Suffolk*,
    766 F.3d 114 (2d Cir. 2015) ..............................................................................13

*Stephens v. New York*,
    691 F.Supp.2d 392 (S.D.N.Y. 2009).......................................................................21

*Syeed v. Bloomberg L.P.*,
    58 F.4th 64 (2d Cir. 2023) .....................................................................................3

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015)......................................................................................4

*Wheeler v. Praxair Surface Technologies, Inc.*,
    694 F.Supp.3d 432 (S.D.N.Y. 2023).....................................................................15

*Whiteside v. Hover-Davis, Inc.*,
    995 F.3d 315 (2d Cir. 2021) ...............................................................................4, 5

*Wright v. City of New York*,
    2024 U.S. Dist. LEXIS 154796 (S.D.N.Y. Aug. 27, 2024) ...............................15, 16

*Zabar v. N.Y.C. Dep't of Educ.*,
    2024 U.S. Dist. LEXIS 173022 (S.D.N.Y. May 12, 2020) ......................................16

## PRELIMINARY STATEMENT

Defendant Research Foundation of the City University of New York ("RFCUNY") submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiff Yuri Job's Complaint ("Complaint" or "Comp.")[1] as against RFCUNY in its entirety on the grounds that the causes of action pled as against them are untimely, inadequately pled, or fail to state a claim.

In this action, Plaintiff alleges a proverbial kitchen sink of claims: (i) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") (ii) discriminatory termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), (iii) retaliation in violation of Title VII, the NYSHRL and the NYCHRL, (iv) hostile work environment in violation of the NYSHRL and NYCHRL, (v) constructive discharge in violation of the NYSHRL, (vi) negligent hiring, retention, and supervision, (vii) violation of procedural due process in violation of the New York State Constitution, (viii) intentional infliction of emotional distress, and (ix) an undefined and vague claim for "wrongful termination under incorrect job title." None of these claims are sufficiently pleaded. Additionally, the only federal claims in this action are unquestionably untimely and, even when considered on the merits, are insufficiently pleaded. Plaintiff's litany of state law claims fare no better. Indeed, Plaintiff has provided nothing more than conclusory and bare allegations – almost three years after the termination of his employment – in a last-ditch effort to litigate issues surrounding the termination of his employment. There is no factual support for these claims and Plaintiff's Complaint must be dismissed in its entirety.

---

[1] A copy of Plaintiff's Complaint is attached at Exhibit "C" to the Declaration of Christopher J. Moro, Esq. ("Moro Dec."), dated January 27, 2026.

**STATEMENT OF FACTS**

RFCUNY is a private, not-for-profit educational corporation that manages private and government sponsored programs and research grants at the various constituent colleges of The City University of New York ("CUNY"), including The City College of New York ("CCNY"). (Comp. ¶ 7). RFCUNY and CUNY are separate and distinct legal entities. (Comp. ¶¶ 6-7). RFCUNY supports CUNY faculty and staff in identifying and obtaining external support (pre-award) from government and private sponsors and is responsible for the administration of all such funded programs (post-award). (Comp. ¶ 7).

Plaintiff is the former Director of CCNY's TRiO Program, which is a federally funded grant program, the purpose of which is to help grade school students to overcome class, social, academic, and cultural barriers to higher education. (Comp. ¶ 9). Plaintiff was an RFCUNY employee. (Comp. ¶ 9). Since in or about early October 2022, Plaintiff reported to Professor Hazel Carter of CCNY. (Comp. ¶¶ 12-13, 16).

Plaintiff alleges that in September 2022, he was subjected to retaliation after complaining about "unwanted advances and inappropriate touching by an assigned supervisor," "objection to possible misappropriation of federal funds," "unfair demotion and exclusion from program decisions," "false allegations by disgruntled subordinates," and "denial of procedural due process." Plaintiff further alleges that "shortly thereafter, Dr. Carter made inappropriate physical and verbal advances toward Plaintiff, brushing her hand on his leg and making suggestive comments." (Comp. ¶ 14). Plaintiff claims that he "filed several complaints against Dr. Carter" but neglects to specify when he did so. Plaintiff further alleges that "Dr. Carter used her supervisory authority and influence over RFCUNY administrators . . . to initiate baseless internal investigations, false accusations, removal of leadership roles, and ultimately Plaintiff's unlawful

2

termination." On February 1, 2023, Plaintiff's employment with RFCUNY was terminated effective immediately. (Comp. ¶ 10).

## PROCEDURAL HISTORY

On November 29, 2023, Plaintiff filed a charge of discrimination against RFCUNY with the EEOC.  (Ex. "A" to Moro Dec.).  On July 30, 2024, the EEOC dismissed Plaintiff's charge of discrimination and issued him a dismissal and notice of right to sue letter.  (Ex. "B" to Moro Dec.).

On September 12, 2025, Plaintiff filed a Complaint in the Supreme Court of the State of New York, County of New York, bearing Index Number 101025-2025, which sets forth his claims in this action.  On January 21, 2026, RFCUNY filed a Notice of Removal with this Court, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, removing the Complaint to this Court.

## STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to FRCP Rule 12(b)(6) requires a court to examine the legal, rather than factual, sufficiency of a complaint. *See Syeed v. Bloomberg L.P.*, 58 F.4th 64, 67 (2d Cir. 2023). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As set forth in *Iqbal*, courts should undertake a two-pronged approach when deciding motions to dismiss at the pleading stage. First, courts should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "[w]hen

3

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. There must be "more than a sheer possibility that a defendant has acted unlawfully;" the complaint must "nudge[] . . . claims . . . across the line from conceivable to plausible." *Id.* at 678, 680. This standard applies no less in the employment discrimination context. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (holding a plaintiff must allege facts giving rise to a plausible inference of discrimination).

**ARGUMENT**

**POINT I.    PLAINTIFF'S FLSA CLAIM IS TIME BARRED**

### A.    *Plaintiff FLSA Claim is Barred by the Applicable Statute of Limitations*

Plaintiff's sixth cause of action alleges a violation of the FLSA. (Comp. ¶¶ 2, 33-35). For a FLSA claim to be timely, a civil action must be brought within two years after the cause of action accrued. 29 U.S.C. 255(a). If the cause of action results from a willful violation, a civil action must be brought within three years. *Id.* The FLSA's three-year limitation period for a willful violation is the exception, not the rule. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021). To gain the benefit of the three-year limitation period, Plaintiff bears the burden of proof to plausibly allege that RFCUNY willfully violated the FLSA. *Id.* at 321.

Plaintiff's employment with RFCUNY ended on February 1, 2023. (Comp. ¶ 10). Plaintiff filed the Complaint on September 12, 2025 – two years and 7 months after his termination occurred. (Comp. at 1, 7-8). Plaintiff's FLSA claim arises exclusively from alleged actions that occurred during his employment – all of which occurred more than two years before the Complaint was filed. (Comp. ¶¶ 22, 33-34).

4

The Second Circuit Court of Appeals, in *Whiteside v. Hover-Davis, Inc.*, held that "a plaintiff must allege facts at the pleading state to give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Whiteside*, 995 F.3d at 320. The Supreme Court has held that a court should not accept mere "legal conclusions" as true, *including those concerning a defendant's state of mind*. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (emphasis added). As such, a plaintiff's assertion that a defendant willfully violated the FLSA must be supported by factual allegations at the pleading stage. *Whiteside*, 995 F.3d at 321 ("An averment of 'willfulness' is thus *precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleadings stage.") (emphasis in original).

In the instant case, the Complaint lacks **any** factual allegation that RFCUNY willfully violated the FLSA. Plaintiff's allegation that RFCUNY willfully violated the FLSA relies entirely on the conclusion that "Defendants *knowingly* failed to pay Plaintiff for this work and failed to keep accurate time records." (Comp. ¶ 34) (emphasis added). As the Second Circuit Court of Appeals held in *Whiteside*, <u>a single word is legally insufficient to permit Plaintiff to receive the legal benefit of the FLSA three-year exception</u>. *Whiteside*, 995 F.3d at 321 ("[w]e decline to adopt a rule that would allow a claim that a 'complaint clearly shows [to be] out of time,' to proceed through discovery upon the insertion of a single legal conclusion—**indeed, a single word**—into a complaint.) (internal citations omitted) (emphasis added). As such, the Complaint clearly shows that it is out of time and the insertion of a single legal conclusion – indeed, a single word – into the complaint, cannot prevent Plaintiff's FLSA claim from being time barred. Plaintiff's FLSA claim is thus subject to the two-year limitations period.[2]

---

[2] Courts in the Second Circuit agree that the filing of a charge with the EEOC does not toll the statute of limitations for FLSA claims. *See Parada v. Banco Indus. De Venez*, 553 F.3d 62, 71 (2d Cir. 2014); Rubin v.

Because Plaintiff's FLSA claim has a two-year statute of limitations, any actions occurring before September 12, 2023, are untimely and cannot be pursued in this action. *See* 29 U.S.C. 255(a). Because Plaintiff's FLSA claim exclusively involves actions that occurred before September 12, 2023, Plaintiff's sixth cause of action is wholly untimely and should be dismissed.

### B.    *Plaintiff's FLSA Overtime Pleadings are Insufficient to State a Claim*

Plaintiff's FLSA overtime claim is untimely and need not be considered by this Court. However, an analysis of Plaintiff's FLSA overtime claim reveals that its pleading contains severe shortcomings that are critical to its success. To sufficiently allege an overtime claim under the FLSA, a plaintiff needs to "sufficiently allege 40 hours of work in a given work week as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). Moreover, to survive a motion to dismiss, a plaintiff "must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 200 (2d Cir. 2013). The Second Circuit Court is clear – a plaintiff must "provide some degree of specificity to plead a FLSA overtime claim." *Herrera v. Comme Des Garcons, Ltd.*, 84 F.4th 110, 114 (2d Cir. 2023). Indeed, threadbare conclusions lacking any factual support are insufficient, as a matter of law, to state a plausible FLSA overtime claim. *Nakahata*, 723 F.3d at 201-02.

In the instant case, Plaintiff's FLSA overtime claim offers only threadbare conclusions lacking any factual support. The Complaint alleges only that "Plaintiff worked in excess of 40 hours per week without overtime compensation as required by the FLSA." *See Ladino v. The Ridgewood Ale House, Inc.,* 598 F. Supp. 3d 53 (E.D.N.Y. 2022) (finding that the pleading that

---

*New York City Bd. of Educ.*, U.S. Dist. LEXIS 2832 at *15 n. 9 (S.D.N.Y. Jan. 6, 2023) ("Plaintiff's filing of a charge at the EEOC did not toll the statute of limitations on the FLSA claim because the FLSA does not contain an exhaustion requirement").

plaintiff "worked more than 40 hours a week [without receiving overtime]" without any other information, was insufficient to state an FLSA overtime claim). Courts in the Second Circuit have consistently found that pleadings nearly identical to Plaintiff's pleadings are legally insufficient to state a FLSA overtime claim. *See Ayala v. Looks Great Servs., Inc.*, 2015 U.S. Dist. LEXIS 96790 at *20-21 (E.D.N.Y. July 23, 2015) (pleadings that "track the statutory language of the FLSA, lift[] its numbers and rehash[] its formulation, but alleg[e] no particular facts" are insufficient to raise a plausible inference of an FLSA overtime violation). Even pleadings that provide significantly greater detail than the pleadings that Plaintiff provided are routinely dismissed as insufficient. *See Musiello v. CBA Corp.*, 518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) ("the FAC's overtime claims are insufficiently specific. It alleges only that: 'In the course of performing her duties, Plaintiff Musiello worked more than 40 hours per week beginning in or about 2015 and continuing until her separation February 17, 2017. Despite qualifying, Plaintiff Musiello was denied overtime wages.'").

Plaintiff's FLSA overtime claim lacks the specificity and factual support required to adequately plead a claim. For this reason, Plaintiff's FLSA pleadings are insufficient to state a claim and Plaintiff's sixth cause of action should be dismissed.

**POINT II.   PLAINTIFF'S TITLE VII CLAIMS ARE TIME-BARRED**

Plaintiff's first cause of action alleges discrimination and retaliation violation of Title VII. (Comp. ¶¶ 2, 23-26). For a Title VII claim to be timely, a plaintiff must file the claim within 90 days after receiving their right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). This 90-day limitation period is strictly enforced. *See Addonizio v. Nuvance Health*, 2024 U.S. Dist. LEXIS 103874, at *8 (S.D.N.Y. June 11, 2012). A right to sue letter is presumed to have been mailed on the date of the notice and received by the plaintiff within three days after its mailing. *Sherlock v. Montefiore Med. Ctr.*,

84 F.3d 522, 525-26 (2d Cir. 1996).

In the instant case, the EEOC issued Plaintiff the right to sue letter on July 30, 2024.[3] Plaintiff filed this action on September 12, 2025, which is 409 days after the EEOC issued Plaintiff his right to sue letter. (Comp. at 1, 7-8). Plaintiff's Title VII claim is therefore clearly time barred and must be dismissed. (Comp. at 1, 7-8).

Separately, Plaintiff's Title VII claims are also untimely because Plaintiff failed to file a charge of discrimination with the EEOC within 300 days of the termination of his employment. For a Title VII claim to be actionable, a plaintiff must file a charge of discrimination with the EEOC no later than 300 days after the alleged discriminatory acts. 42 U.S.C. § 2000e-5(e)(1). This statutory requirement serves as a statute of limitations and bars untimely charges. *Franklin v. New York City Transit Authority*, 2021 U.S. Dist. LEXIS 195435 at *8 (S.D.N.Y. Oct. 8, 2021). Pursuant to EEOC regulations and relevant case law, a charge of discrimination is deemed filed when it is stamped as "received" by the EEOC. 29 C.F.R. § 1601.13(a)(4)(i)(A); 29 C.F.R. § 1601.13(a)(4)(ii)(A); *Allen v. New York City Dept. of Envtl. Prot.*, 51 F. Supp. 3d 504, 510 n.3 (S.D.N.Y. 2014) ("A charge is not considered filed with the EEOC until the EEOC receives the charge and stamps it with the appropriate date.").

Plaintiff alleged that he encountered discrimination and retaliation in violation of Title VII from September 2022, until February 1, 2023, when his employment was terminated. (Comp. ¶¶ 10, 13-26). The Complaint does not contain any allegations of discrimination or retaliation occurring after February 1, 2023, nor could any have occurred because Plaintiff concedes that his

---

3    Plaintiff's EEOC Charge of Discrimination and the EEOC's Right to Sue Letter addressed to Plaintiff are both public records of which this court may take judicial notice of. *Gonzalez v. Sutton Park Ctr. For Nursing & Rehab*, 2025 U.S. Dist. LEXIS 59547 (Mar. 26, 2025) (taking judicial notice of plaintiff's EEOC Charge because it "may consider Plaintiff's filings with agencies and any subsequent agency determination when evaluating [a motion to dismiss] because they are all matters of public record."). A copy of Plaintiff's EEOC Charge of Discrimination and the EEOC's Right to Sue Letter addressed to Plaintiff are attached to the Moro Dec. at Exhibit "A" and Exhibit "B".

employment ended on February 1, 2023. (Comp. ¶¶ 1-39). Therefore, the last day for Plaintiff to file an EEOC charge stemming from his employment was November 28, 2023. However, Plaintiff's EEOC charge reflects that it was received, stamped, and therefore, filed, November 29, 2023 – the 301st day after the termination of Plaintiff's employment. Therefore, any adverse actions occurring before February 2, 2023, are time barred and cannot be pursued in this action. Because each and every adverse action that Plaintiff pled occurred before February 2, 2023, Plaintiff's Title VII claims are untimely in the entirety and should be dismissed.

**POINT III.    PLAINTIFF'S DISCRIMINATORY TERMINATION CLAIMS ARE CONCLUSORY AND INSUFFICIENT AS PLED**

Although there is no need to consider the merits of Plaintiff's Title VII claims due to their untimeliness, Plaintiff's first and second causes of action, alleging sex-based discrimination under Title VII, the NYSHRL, and the NYCHRL, are factually and legally deficient. Plaintiff has made no effort to support his sex-discrimination claim with any allegation showing that RFCUNY's decision to terminate him was motivated by sex-based animus. As such, Plaintiff has failed to plead a *prima facie* case of sex-based discrimination and Plaintiff's first and second causes of action should be dismissed.

To establish a *prima facie* case for sex-based discrimination under Title VII and the NYSHRL a plaintiff must plausibly allege that, (1) he belongs to a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) that the adverse employment action occurrent under circumstances giving rise to an inference of discriminatory intent. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Anderson v. City of New York*, 712 F.Supp.3d 412 (S.D.N.Y. 2024) ("the [NYSHRL] applies the same standards for employment discrimination under Title VII and the ADA.").

While the NYCHRL is subject to an "independent and more liberal construction than its federal and state counterparts," claims under the NYCHRL, like those under Title VII and the NYSHRL, are "analyzed under the burden-shifting *McDonnell Douglas* framework, and require the same elements for a *prima facie* case," including the obligation to raise an "an inference that her employer acted with discriminatory motivation." *Jones-Cruz v Rivera*, 2021 U.S. Dist. LEXIS 48011, at *19, 25 (S.D.N.Y. Mar. 14, 2021). "[A] plaintiff asserting a claim of discrimination under the NYCHRL must allege that he was treated less well because of h[is] [membership in a protected class]." *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 300 (S.D.N.Y. 2019).

At the motion to dismiss stage, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim," and to survive the motion, a plaintiff must provide enough factual detail to plausibly support an inference of discrimination. *See Dooley v. JetBlue Airways Corp.*, 636 Fed. App'x 16, 20 (2d Cir. 2015) (internal quotation and citation omitted); *Ninying v. N.Y.C. Fire Dep't*, 807 Fed. App'x 112 (2d Cir. 2020) (plaintiff must plead facts directly showing discrimination or that indirectly show discrimination by raising a plausible inference of discrimination). "Indeed, it is well-established that naked assertions of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss." *Moss v. Bd. of Educ. of Sachem Cent. Sch. Dist.*, 2024 U.S. Dist. LEXIS 119366 at *23 (E.D.N.Y. July 8, 2024), aff'd 2025 U.S. App. LEXIS 7203 (2d Cir. 2025) (internal quotation and citation omitted). Mere allegations that a plaintiff felt mistreated because of their sex cannot plausibly establish a discrimination claim. *See Belton v. Borg & Ide Imaging, P.C.*, 512 F. Supp. 3d 433, 444 (W.D.N.Y. 2021); *Gonzalez v. Sutton Park Ctr. for Nursing & Rehab.*, 2025 U.S. Dist. LEXIS 59547 at *21-22 (S.D.N.Y. Mar. 26, 2025) (finding that a plaintiff's subjective

10

belief is insufficient to satisfy the burden required to support an inference of discrimination).

The Complaint is heavy on conclusions and empty on facts that support an inference of discrimination. Plaintiff does not identify any comments or evidence of discriminatory animus based on Plaintiff's protected characteristics. Plaintiff's sex discrimination claims rest solely on the allegation that he was terminated five months after Professor Carter "brush[ed] her hand on [Plaintiff's] leg and ma[de] suggestive comments." (Comp. ¶ 14). Plaintiff does not state what "suggestive comments" Professor Carter allegedly made. Instead of providing factual support, Plaintiff offers conjecture and the bare assertion that the comments Professor Carter allegedly made were "suggestive." (Comp. ¶ 14).

Plaintiff's following allegations are equally conclusory and are, thus, not entitled to the assumption of truth. Rather than offering factual support, Plaintiff asserts that complaints filed against him were "false accusations," that the resulting investigations were 'baseless," and that "these actions were done deliberately to punish Plaintiff." (Comp. ¶¶ 15, 16). None of these allegations, or any other allegation in the Complaint, evidence discriminatory animus by RFCUNY. In the absence of *any* factual allegations evidencing sex-based discriminatory animus by RFCUNY, Plaintiff's discrimination claims must fail. For these reasons, Plaintiff's first and second causes of action relating to sex discrimination should be dismissed.

**POINT IV.    PLAINTIFF'S RETALIATION AND HOSTILE WORK ENVIRONMENT CLAIMS ARE INSUFFICIENT AS PLED**

Plaintiff's first and second causes of action allege claims of retaliation under Title VII, the NYSHRL, and the NYCHRL. Plaintiff's second and third causes of action allege claims of hostile work environment under the NYSHRL, NYCHRL, and New York Executive Law §

11

296(1)(a)[4]. Plaintiff's third cause of action alleges a claim for constructive discharge under New York Executive Law § 296(1)(a).

### A.    *Plaintiff's Retaliation Claims Fail to Allege a Causal Connection*

While this Court need not consider Plaintiff's Title VII claims because they are time barred, an analysis shows that these claims fail on their merits regardless. To state a *prima facie* case of retaliation under Title VII, a plaintiff must allege: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the adverse action and the protected activity. *Small v. New York City Dep't of Educ.,* 650 F. Supp. 3d 89, 102 (S.D.N.Y. 2023) (quoting *Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298, 309 (2d Cir. 2017)). To satisfy the causation requirement, a plaintiff must also show that he "would not have been fired but for his protected activity." *Philip v. GTECH Corp.*, 2016 U.S. Dist. LEXIS 94777, at *60 (S.D.N.Y. July 20, 2016). Causation may be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity. *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018).

To establish a *prima facie* claim of retaliation under the NYSHRL and NYCHRL, a plaintiff must show that, (1) he or she engaged in a protected activity as that term is defined under the NYSHRL or NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between

---

[4]    Plaintiff's NYSHRL hostile work environment claim and New York Executive Law § 296(1)(a) hostile work environment claim are duplicative. The NYSHRL is codified in New York Executive Law § 296; both labels refer to the same statute and theory. To avoid confusion and duplication, all references to the NYSHRL hostile work environment claim should be understood as referring to Plaintiff's second and third causes of action.

the protected activity and the alleged retaliatory conduct. *Edelman v. NYU Langone Health System*, 141 F.4th 28, 53 (2d Cir. 2025).

First, Plaintiff has not alleged that RFCUNY had knowledge of any complaints made to CUNY or CCNY employees. *See Edelman*, 141 F.4th at 53 ("[A] plaintiff must show: … his or her employer was aware that he or she participated in such activity"). Plaintiff alleged that he made complaints to Professor Carter, CCNY Provost Tony Liss, CCNY HR Director Kisha Shrouder, and CCNY Associate Provost Doris Cintron – none of which are RFCUNY employees. (Comp. ¶¶ 12, 15, 21). Absent any allegation that RFCUNY had knowledge of these complaints, Plaintiff's retaliation claims relating to these complaints fail.

Second, Plaintiff's retaliation claims fail because the Complaint fatally lacks any information required to draw a causal connection between the adverse employment action and the protected activity. To show a causal connection, a plaintiff must adequately plead direct evidence of discrimination or plead sufficient factual evidence to make an inference through temporal proximity. *See Duplan*, 888 F.3d 612, 625. The Complaint fails in both regards.

Direct evidence of discrimination "requires [P]laintiff to provide tangible proof of retaliatory animus, conclusory assertions of retaliatory motive are insufficient." *Flores v. Entergy Nuclear Operations, Inc.*, 313 F.Supp.3d 511, 527 (S.D.N.Y. 2018) (citing *Smith v. Cty. of Suffolk*, 766 F.3d 114, 118-19 (2d Cir. 2015) (internal quotations omitted). Evidence of retaliatory animus must be "directed against the plaintiff by the defendant." *Hernandez v. DiaSorin Inc.,* 2025 U.S. Dist. LEXIS 264253 at *11 (S.D.N.Y. Dec. 22, 2025).

In the instant case, Plaintiff relies entirely on conclusory allegations and provides no tangible proof to support a finding that RFCUNY held retaliatory animus against him. Plaintiff's claim of retaliation against RFCUNY relies entirely on the conclusion that "[p]laintiff's termination followed a series of retaliatory acts were [sic] initiated and/or endorsed by senior

13

staff at both RFCUNY and CCNY, including…Director Annette Piecora, and HR representative Mohammad Elayan." (Comp. ¶ 12). Because the Complaint is missing any factual allegations that would qualify as direct evidence, such as "'an admission by a decisionmaker' that he or she made a decision by relying on an improper consideration, *e.g.,* 'I fired him because he was too old,'" Plaintiff has plainly failed to establish direct evidence of a causal connection. *See Farmer v. Shake Shack Enterprises, LLC*, 473 F.Supp.3d 309, 333 (S.D.N.Y. 2020).

Plaintiff has similarly failed to plead sufficient factual allegations to make an inference through temporal proximity. To establish temporal proximity, a plaintiff must show that the protected activity was closely followed in time by an adverse employment action. *Farmer*, 473 F.Supp.3d at 333 ("Although the Second Circuit has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship, the Supreme Court has suggested that the temporal proximity must be very close.") (internal quotations and citations omitted).

The Complaint lacks information required to make an inference through temporal proximity because Plaintiff *did not allege the date(s) that he lodged his complaints*. (Comp. ¶¶ 10, 12, 15, 21). Even if Plaintiff could show that his alleged complaints constituted protected activity, which they do not, without an allegation of *when* these complaints were made it is impossible to determine their temporal relation to his termination. Without this crucial information, Plaintiff has deprived the Court of any ability to assess whether there can be causation as a result of temporal proximity. Plaintiff cannot shield his retaliation claims with intentional vagueness and expect to survive a motion to dismiss. *See Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 412 (S.D.N.Y. 2014) (granting a motion to dismiss where the complaint alleged that the defendants retaliated against the plaintiff "when she complained" and "after she complained," but where it "fail[ed] to state with even a modicum of specificity when

14

the relevant events occurred[,]" rendering the complaint's "conclusory allegations . . . simply too vague in nature and non-specific as to time to serve as a basis for [the plaintiff's] retaliation claims").

Plaintiff's retaliation claims fail as pled due their exclusive reliance on conclusory statements, absence of discriminatory animus by RFCUNY, and omission of the date(s) that Plaintiff's alleged complaints were made. These issues, individually and collectively, are fatal to Plaintiff's retaliation claims. For these reasons, Plaintiff's first and second causes of action should be dismissed.

### B.    *Plaintiff's Hostile Work Environment Claim Fails to Allege Differential Treatment Because of Plaintiff's Protected Characteristic*

Plaintiff's second and third causes of action, alleging claims of hostile work environment under the NYSHRL and NYCHRL fail to allege that any differential treatment was because of his protected characteristic.

In order to plead a hostile work environment claim under the NYSHRL, a plaintiff must show that they were subjected to "inferior terms, conditions or privileges of employment because of the individual's membership in one or more … protected categories." *Wheeler v. Praxair Surface Technologies, Inc.*, 694 F.Supp.3d 432, 451 (S.D.N.Y. 2023). This standard is similar, but stricter, than the NYCHRL standard which requires that a plaintiff show that they were "treated less well than other employees because of [a protected characteristic]." *Wright v. City of New York*, 2024 U.S. Dist. LEXIS 154796 at *24 (S.D.N.Y. Aug. 27, 2024); *Bautista v. PR Gramercy Square Condominium*, 642 F.Supp.3d 411, 427-28 (S.D.N.Y. 2022) ("a discriminatory motive can be shown either by pleading direct evidence of discrimination, including comments indicating prejudice on account of a protected characteristic, or by pleading facts showing that comparators were treated better than the plaintiff was."). Regardless, isolated incidents of

15

unwelcome verbal and physical conduct are not actionable under the NYCHRL if they constitute "petty slights and trivial inconveniences." *Bautista*, 642 F.Supp.3d at 428.

Plaintiff's hostile work environment claim is comprised of a single encounter where Professor Carter allegedly "brush[ed] her hand on [Plaintiff's] leg and [made] suggestive comments." (Comp. ¶ 14). Not only is the unsupported conclusion that the comment was "suggestive," the lynchpin of Plaintiff's claim, but there are no supporting allegations evidencing that the treatment was intentional and based on Plaintiff's protected status. Where Plaintiff fails to allege that the treatment was due to his protected characteristic, his hostile work environment claim must fail. *See Wright*, 2024 U.S. Dist. LEXIS 154796 at *24 (dismissing NYSHRL and NYCHRL hostile work environment claim because plaintiff failed to provide evidence that differential treatment was due to her protected characteristic); *see also Zabar v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 173022 (S.D.N.Y. May 12, 2020) (dismissing hostile work environment claims under NYSHRL and NYCHRL because complaint failed to link alleged comments to protected class); *Bautista*, 642 F.Supp.3d at 428 ("because Bautista fails to allege either direct or comparator evidence that would support a finding of differential treatment based, at least in part, on his protected status, his NYCHRL hostile work environment claim is also dismissed."). As such, Plaintiff's second and third causes of action should be dismissed.

Plaintiff's third cause of action also makes passing reference to him being constructively discharged. This claim fails at the outset because Plaintiff did not resign—his employment was terminated. A claim of constructive discharge requires a plaintiff to show that he "actually resigned." *Green v. Brennan*, 578 U.S. 547 (2016) ("A claim of constructive discharge therefore has two basic elements. A plaintiff must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign. But he must also show that he actually resigned.") (emphasis added); *see also Saaidi v.*

16

*CFAS, LLC*, 740 F.Supp.2d 357, 367 (S.D.N.Y. 2010) (stating that constructive discharge claims under the NYSHRL are "analytically identical to claims brought under Title VII").

Plaintiff makes no allegation that he resigned. (*See* Comp. ¶¶ 10, 28). In fact, he admits that his employment was terminated, which bars any claim that he was constructively discharged. (Comp. ¶ 28). Since Plaintiff cannot, and does not, allege that he resigned, he is unable to satisfy the requirements for a constructive discharge claim. For this reason, Plaintiff's third cause of action should be dismissed.

**POINT V.    PLAINTIFF'S NEGLIGENT HIRING, RETENTION, AND SUPERVISION CLAIM RELIES WHOLLY ON CONCLUSORY STATEMENTS**

Plaintiff's fourth cause of action asserts a claim of negligent hiring, retention, and supervision that is unsupported by fact and relies entirely on conclusory statements. Plaintiff alleged that RFCUNY negligently hired, retained, and supervised Professor Carter[5], Annette Piecora, and "others". (Comp. ¶ 29). To support this claim, Plaintiff relies on conclusory language, such as that "Defendant's knew or should have known of the inappropriate and retaliatory conduct," and that "Defendants' failure to supervise and discipline their employees enabled ongoing discrimination, harassment, and retaliation against Plaintiff." (Comp. ¶¶ 29-30). These statements simply fail to state a claim for relief that is plausible on its face. *See Ashcroft*, 556 U.S. at 678.

To state a claim for negligent hiring, retention or supervision in New York, Plaintiff must plead, in addition to the elements required of a claim of negligence, (1) that the tortfeasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the

---

[5]    Professor Carter is not, and was not, an RFCUNY employee. Because the Complaint does not allege that Professor Carter was an RFCUNY employee, Plaintiff's claim that RFCUNY negligently hired, retained, and supervised Professor Carter must fail.

injury's occurrence; and, (3) that the tort was committed on the employer's premises or with the employer's chattels. *Doe v. Alsaud*, 12 F.Supp.3d 674, 680 (S.D.N.Y. 2014).

Claims of negligent hiring, retention or supervision "require specific allegations of the employee's past wrongdoing to provide a basis from which to infer the employer's knowledge." *Alsaud*, 12 F.Supp.3d at 682. "conclusory allegations…are insufficient to overcome a motion to dismiss." *Id.* at 680 (citing *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522 (S.D.N.Y. 1998)).

The Complaint is wholly devoid of factual allegations that support a claim for negligent hiring, retention or supervision. Plaintiff's claim rests entirely on the conclusion that "Defendants knew or should have known of the inappropriate and retaliatory conduct of Professor Carter, Annette Piecora, and others," and that Defendants' failure to supervise enabled Plaintiff's alleged harm. (Comp. ¶¶ 29-30). In the absence of *any* factual allegation that RFCUNY had knowledge of any individual's propensity for the alleged misconduct, Plaintiff cannot establish a prima facie case of negligent hiring, retention or supervision. *See Sanusi v. Department of Homeland Sec.*, 2010 U.S. Dist. LEXIS 146004 at *20 (E.D.N.Y. Dec. 1, 2010); *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995). Complaints that rely on naked assertions such as these are regularly dismissed. *See Alsaud*, 12 F.Supp.3d at 680 (dismissing plaintiff's negligent supervision and retention claims due to a lack of factual allegations); *Sanusi*, 2010 U.S. Dist. LEXIS 146004 at *20 (finding that a negligent hiring, retention, and supervision claim fails without specific factual allegations); *Mitsui Fudosan, Inc.*, 2 F.Supp.2d at 532-533 ("Conclusory allegations of negligent supervision are insufficient to overcome a motion to dismiss.").

Indeed, Plaintiff fails to allege any facts from which one could infer that RFCUNY knew or should have known of any individual's propensity for the alleged misconduct. Considering the Complaint's glaring absence of factual allegations to this point, Plaintiff's negligent hiring,

18

retention or supervision claim must fail. For these reasons, Plaintiff's fourth cause of action should be dismissed.

**POINT VI.    PLAINTIFF'S CONSTITUTIONAL CLAIM FAILS BECAUSE RFCUNY IS A PRIVATE ENTITY**

Plaintiff's fifth cause of action alleged that RFCUNY terminated Plaintiff without due process in violation of Article I, Section 6 of the New York Constitution. Plaintiff's claim fails because RFCUNY is a private entity – not a state actor. RFCUNY may not be held for Plaintiff's termination under the New York Constitution.

In order to establish a due process violation, Plaintiff must show, (1) state action, (2) that deprived them of a protected interest in liberty or property, and (3) without due process of law. *Barrows v. Becerra*, 24 F.4th 116, 135 (2d Cir. 2022). The protections found in the New York Constitution are triggered by state action. *See Baskin v. Mabco Tr., Inc.,* 176 A.D.3d 1539, 1543-44 (3d Dep't 2019). To succeed on a Due Process claim, a plaintiff must first demonstrate that the challenged activity is "fairly attributable" to the state. *Barrows*, 24 F.4th at 135.

RFCUNY is a private not-for-profit educational corporation. (Comp. ¶ 7) ("[RFCUNY] is a not-for-profit education corporation."). The Complaint does not allege that RFCUNY is a state actor or that RFCUNY's actions are attributable to the state. As such, Plaintiff did not have a constitutionally protected right to continued employment. *See Atkinson v. B.C.C. Associates, Inc.,* 829 F.Supp.637, 643 (S.D.N.Y. 1993); *Klinge v. Ithaca College*, 167 Misc. 2d 458, 461 (Sup. Ct. Thompkins Cty. 1995). Plaintiff has plainly failed to plead the elements needed to satisfy a due process claim under the New York State Constitution and Plaintiff's fifth cause of should be dismissed.

**POINT VII.    PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS TIME BARRED**

In Plaintiff's seventh cause of action, alleging intentional infliction of emotional distress ("IIED"), Plaintiff claims that RFCUNY engaged in conduct that was "extreme, outrageous, and intended to cause emotional distress." (Comp. ¶ 36). The statute of limitations for an IIED claim in New York is one year. N.Y. C.P.L.R. § 215(3); *see Gaughan v. Rubenstein*, 261 F.Supp.3d 390, 426 (S.D.N.Y. 2017) (citing *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016) ("In New York, an IIED claim must be brought within one year of the injury.")).

Plaintiff filed this action on September 12, 2025. Because of this, any act occurring prior to September 12, 2024, cannot give rise to an IIED cause of action.[6] Plaintiff's IIED claim arises entirely from events that occurred during his employment at RFCUNY – which ended on February 1, 2023 – over two years before this action was filed. (Comp. ¶ 10). Because IIED claims have a one-year statute of limitations, Plaintiff's IIED claim is time-barred. *See Ank Bey El v. CitiMortgage, Inc.*, 2025 U.S. Dist. LEXIS 256822 (E.D.N.Y. Dec. 11, 2025) (dismissing IIED claim as time-barred). As such, Plaintiff's seventh cause of action should be dismissed.

**POINT VIII.    PLAINTIFF'S UNDEFINED "WRONGFUL TERMINATION UNDER INCORRECT JOB TITLE" CLAIM FAILS AS A MATTER OF LAW**

Plaintiff's eighth cause of action alleges "wrongful termination under incorrect job title – common law and statutory violations."[7] (Comp. at 6). To support this claim, Plaintiff states, "[p]laintiff was terminated under the wrong job title, further evidencing procedural irregularities, negligence, and retaliation," and "[t]his wrongful termination caused Plaintiff financial and reputational harm."

---

[6]    It is well-settled that "an EEOC charge does not toll the time for state law claims arising from the same events." *Ashjari v. NYNEX Corp.*, 1999 U.S. App. LEXIS 13968, at *4 (2d Cir. June 22, 1999); *Nixon v. TWC Admin. LLC*, 2017 U.S. Dist. LEXIS 160175 at *10 ("no tolling for common law torts of intentional infliction of emotional distress.").

[7]    Notably, Plaintiff does not specify which statute this claim arises under.

20

New York does not recognize wrongful termination for at will employees. *See Stephens v. New York*, 691 F.Supp.2d 392, 398 (S.D.N.Y. 2009). Plaintiff's does not allege the existence of a contractual agreement or statutory provision that limits RFCUNY's right to terminate his at-will employment – nor does one exist. To the extent that Plaintiff seeks to assert a common law (or unspecified statutory) claim for wrongful termination, he has not presented a viable cause of action. *See Martinez v. Cole*, 2025 U.S. Dist. LEXIS 194744 at *4-5 (W.D.N.Y. Oct. 1, 2025) (dismissing purported common-law wrongful termination claim). As such, Plaintiff's eighth cause of action should be dismissed.

## CONCLUSION

For all the foregoing reasons, RFCUNY's motion to dismiss the Amended Complaint should be granted in its entirety.

Dated:  January 27, 2026,  
       Melville, New York

**NIXON PEABODY LLP**

By: _____  
     Christopher J. Moro  
     Peter F. Wilms  
275 Broadhollow Road, Suite 300  
Melville, New York 11747-4808  
Telephone: (516) 832-7500  
cmoro@nixonpeabody.com  
pwilms@nixonpeabody.com

*Attorneys for Defendant*  
*Research Foundation of The*  
*City University of New York*

21